Per Curiam.

It is petitioner’s contention that the court was without jurisdiction to find that he was an habitual criminal. He bases this argument on the ground that he pleaded guilty to unarmed robbery in 1949, without the assistance of counsel, and that, therefore, such 1949 conviction was void. He urges that if such 1949 conviction was void he did not have three previous convictions upon which an indictment as an habitual criminal could be based, and that the habitual criminal indictment was void.
The habitual criminal statute provides for an augmentation of penalty for the last conviction of a repetitive offender. Thus, any error therein relates to sentence, and it is well established that the validity of a sentence under the Habitual Criminal Act must be raised by appeal in the original action and cannot be raised by habeas corpus. Therefore, the validity of one of the prior convictions upon which an habitual criminal *361 indictment is based cannot be raised in a habeas corpus proceeding relating to the habitual criminal sentence. Maloney v. Maxwell, Warden, 174 Ohio St., 84.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.